UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISSAC JUAN CARTER,<br><br>Defendant. | CASE NO. 2:25-cr-00108-JNW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Isaac Juan Carter moves for early termination of supervised release. Dkt. No. 5. The Government opposes the motion, Dkt. No. 7, and Probation does not endorse it, Dkt. No. 8.

Carter was sentenced in the Eastern District of Washington on June 8, 2020, to 30 months of imprisonment and three years of supervised release following his guilty plea to Possession of a Stolen Firearm. The court revoked his supervision in August 2024 after he admitted to multiple violations—primarily for methamphetamine and cocaine use, missed drug testing, and failure to report for treatment services. Following revocation, the court sentenced Carter to time served and ordered him released directly into inpatient treatment at Adult & Teen

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

Challenge. Jurisdiction transferred to this district on June 5, 2025. Carter's current term of supervised release is set to expire on January 4, 2027.

After a year of supervision for a felony offense, 18 U.S.C. § 3583(e)(1) allows the court to terminate supervised release if doing so is "warranted by the conduct of the defendant released and the interest of justice." When deciding whether to terminate or modify supervised release, Section 3583(e) directs courts to consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). The decision to terminate supervised release lies within the district court's discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022).

The Court commends Carter for his progress since the revocation. He completed inpatient treatment at Adult & Teen Challenge, has maintained sobriety and clean drug tests since transfer to this district, and he has remained at the facility as a staff intern, where he mentors other participants and coordinates community outreach. He has also participated in the Decide to Impact program, focusing on drug and alcohol prevention in schools. His treatment program director speaks highly of his growth and commitment. These accomplishments reflect real and sustained effort.

However, considering the relevant factors under Section 3553(a)—as set out by Section 3583(e)—the Court concludes that the interests of justice do not support terminating supervised release. Carter's 2024 revocation involved a sustained period of noncompliance that resulted in his arrest on a warrant. Probation classifies Carter as a Low Moderate risk to reoffend, with alcohol and drugs, social networks, and education and employment identified as continuing risk factors. Dkt.

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 2

No. 8. And while Carter's post-revocation conduct has been commendable, it has developed almost entirely within the structured residential setting of Adult & Teen Challenge — first as a program participant and then as a staff intern.

The Court has conducted the individualized assessment contemplated by the policy statement at U.S.S.G. § 5D1.4. Even so, on this record—with the revocation still recent, with the record not yet reflecting a solid period of independent community living, and with roughly nine months of supervision remaining—continued supervision best serves the purposes identified in Section 3553(a).

Accordingly, Carter's motion for early termination of supervised release is DENIED. Dkt. No. 5.

Dated this 4th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 3